264 So.2d 559

**In re Ervin Lee CRAWFORD et al.**

v.

**STATE of Alabama.**

**Ex parte Ervin Lee Crawford.**

**6 Div. 956.**

Supreme Court of Alabama.

April 27, 1972.

Kenneth D. Wallis and Michael L. Tucker, Birmingham, for petitioner.

William J. Baxley, Atty. Gen., and Herbert H. Henry, Asst. Atty. Gen., for the State.

BLOODWORTH, Justice.

Petition of Ervin Lee Crawford for certiorari to the Court of Criminal Appeals to review and revise the judgment and decision in Crawford v. State, 264 So.2d 554.

The State of Alabama has filed a motion to strike the petition on grounds that the petition "manifestly and totally fails to comply with the provisions of Act No. 987, Acts of Alabama, Regular Session, 1969 * * *," presumably because the grounds for the petition are not stated.

Petitioner responds by stating there need be no grounds stated in a petition in a case where the death sentence was imposed, as is the case here.

We respond to the State's motion by pointing out once again, as we have heretofore in Hanvey v. Thompson, 286 Ala. 614, 243 So.2d 748 (1971), that it is not within the legislative power to prescribe "the types of decisions for the review of which a petition for writ of certiorari could be granted." Hanvey v. Thompson, supra. It is our amended Rule 39, Revised Rules of the Supreme Court, 286 Ala. XXI, XXII, which provides "the method by which we

consider applications for writs of certiorari * * *."

We agree with petitioner that Rule 39 distinctly provides that an "application for writ of certiorari to this court in a criminal case in which the death penalty was imposed as punishment will be *considered* as a matter of right." That is, one of the other grounds does not have to be stated.

We suggest that the petition in the instant case could have been more specific in clearly stating this to be a case in which the death penalty was imposed though the petition does indicate this to be so.

After having carefully considered the petition in this case, we are of the opinion the writ ought to be denied.

Motion to strike the petition denied.

Writ denied.

LAWSON, MERRILL, COLEMAN, HARWOOD and McCALL, JJ., concur.

HEFLIN, C. J., and MADDOX, J., dissent.

HEFLIN, Chief Justice (dissenting):

Upon preliminary consideration, I would let the writ issue. This is a capital punishment case. If there is a probability of merit in a petition for writ of certiorari in a capital punishment case, then I feel the Court should give the right to the parties to request oral argument.

In my opinion, there is a probability of merit in the petition, particularly in regard to whether or not prejudice resulted to the petitioner-defendant pertaining to the activity of the deputy district attorney in tucking the petitioner-defendant's pistol in his belt and continuing to carry the pistol in such a position for a period of some twenty to twenty-five minutes in view of the jury during cross examination on unrelated matters. The petitioner-defendant's attorney objected to this activity on the part of the deputy district attorney. The court overruled the objection. Later, the petitioner-defendant's counsel objected again to the continuing display of the pistol in the deputy district attorney's trousers. Again the court overruled the objection. I would like to hear oral arguments on whether or not this created a prejudicial atmosphere to the rights of petitioner-defendant. In my opinion, there is a probability of merit in connection with this ground of the petition for writ of certiorari. Therefore, upon preliminary consideration, I vote to grant the writ.